1

2

3

4

5

6

7

8                         UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    RICKY FREDERICK,                          No.  2:16-cv-1558 CKD P

12                    Plaintiff,

13        v.                                    ORDER

14    R. MAGARRELL, et al.,

15                    Defendants.

16

17          Plaintiff is a state prisoner proceeding pro se with an action for violation of civil rights

18    under 42 U.S.C. § 1983.  Plaintiff has consented to have all matters in this action before a United

19    States Magistrate Judge.  See 28 U.S.C. § 636(c) & ECF No. 3.  On August 17, 2016, plaintiff's

20    complaint was dismissed with leave to amend.  Plaintiff has now filed an amended complaint.

21          The court is required to screen complaints brought by prisoners seeking relief against a

22    governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

23    court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

24    "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

25    monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

26          In his amended complaint plaintiff alleges that at some point he filed a grievance against

27    Correctional Officer Magarrell for calling plaintiff a "snitch."  According to plaintiff, on

28    November 19, 2015, in retaliation for the grievance, plaintiff was pepper-sprayed by Correctional

                                                1

1   Officer Magarrell under the pretense that plaintiff was fighting.  Later that day, defendant

2   Correctional Officer Muhammed filed a report saying she was the one that pepper-sprayed

3   plaintiff in order to help cover up defendant Magarrell's retaliatory act.  Plaintiff lost 90 days of

4   good conduct sentence credit as a result of the report.

5          In Edwards v. Balisok, 520 U.S. 641, 647-48 (1997) the Supreme Court found that a

6   prisoner may not proceed on § 1983 claim if judgment in favor of the prisoner would imply the

7   invalidity of his sentence.  Before plaintiff could proceed with any § 1983 claim against

8   defendant Muhammed arising out of her allegedly false report, plaintiff would first have to have

9   his 90 days lost sentence credit restored through an action for a writ of habeas corpus, see Preiser

10  v. Rodriguez, 411 U.S. 475, 500 (1973) (when the relief sought by a state prisoner is earlier

11  release, the appropriate action is a habeas action under 28 U.S.C. § 2254) or some other action

12  arising under California law.

13         For these reasons, plaintiff's amended complaint must be dismissed.  The court will not

14  grant leave to amend a second time as that appears futile.

15         In accordance with the above, IT IS HEREBY ORDERED that:

16         1.  Plaintiff's amended complaint is dismissed; and

17         2.  This case is closed

18  Dated:  February 7, 2017

19                                                    _____
                                                      CAROLYN K. DELANEY
20                                                    UNITED STATES MAGISTRATE JUDGE

21

22

23  1
    fred1558.dis
24

25

26

27

28

                                                      2